*598 McCALEB, justice.
I dissent from the refusal of a rehearing in this case. Furthermore, I r.emain of the opinion that the trial judge has correctly appraised the facts with respect to the obligations of the Levee Board, its financial structure and condition. It appears to me that the attempt in the per curiam to justify the levy of a 5i/£-mill tax, notwithstanding the clear import of the constitutional amendment limiting the tax for the year 1955 to mills, evidences that the underlying premise of the Court’s thinking is that, to deny to the Levee Board the prerogative of setting up a budget of expenditures exceeding the proceeds of a 3i/¿-mill tax, will necessarily impair the obligation of its contract with the bondholders.
If, as the majority say in the original opinion and repeat in the per curiam, the constitutional amendment voted by the people did not reduce the Board’s power of taxation to 3mills for 1955, then the matter of the Board’s expenditures is of no moment at all. Therefore, since the majority see fit to enter into a discussion calculated to justify the expenditures of the Board for 1955, it would seem that their basic view turns more on a question of impairment of the obligation to the Board’s bondholders, than on the Board’s asserted unqualified right to levy an annual tax not to exceed 5mills.